UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **ELITE ENTERPRISES, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 1:04-cv-94 |
| | ) |
| **ASC, INC.** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

ASC, Inc. filed a Motion to Amend its Counterclaim (Docket # 37), seeking to add Randall Geist, Chairman and CEO of Elite Enterprises, Inc., as a Counterclaim Defendant. After considering the motion and the relevant law, the Court finds that ASC's motion should be GRANTED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 17, 2004, Elite filed a Complaint (Docket # 1) against ASC, claiming that ASC breached a requirements contract under which Elite painted automobile parts to be used by ASC in its assembly of automobiles for General Motors. (Compl. Count I ¶¶ 6,9; Count II ¶ 2.) ASC filed its Answer along with a Counterclaim against Elite on September 17, 2004. (Docket # 11.) ASC's Counterclaim states ten causes of action: breach of contract, intentional misrepresentation, innocent misrepresentation, negligent misrepresentation, breach of settlement agreement, duress, unjust enrichment, money had and received, setoff, and tortuous interference with business relations. (Def. ASC, Inc.'s Answer, Affirmative Defenses, & Countercl. to Pl.'s Compl. 11-23.)

The parties participated in a planning meeting on October 19, 2004, and a preliminary

pretrial conference on May 25, 2005, whereby the Court set a deadline of October 15, 2005, for ASC to join additional parties and to amend pleadings, and a discovery deadline of June 30, 2006. (Docket ## 31, 34; Report of Parties' Planning Meeting ¶¶ 1, 4.)

On October 11, 2005, within the time period allotted for adding parties, ASC filed a Motion to Amend its Counterclaim, seeking leave to add Geist as a Counterclaim Defendant and alleging that as Chairman and CEO of Elite, Geist "actively participated in, and therefore is personally liable for, the tortuous conduct committed [by Elite] against ASC." (Docket #37; Def. ASC, Inc.'s Mem. of Law in Supp. of its Mot. for Leave to File Am. Countercl. to Add Randall Geist as a Countercl. Def. 1.) More specifically, the proposed Amended Complaint adds Geist to Counts II (Intentional Misrepresentation), III (Innocent Misrepresentation), IV (Negligent Misrepresentation), VI (Duress), and X (Tortuous Interference with Business Relations). (Proposed Am. Countercl. 14-17, 19-21, 24-25.)

Elite, however, opposes ASC's motion, contending that ASC's proposed amendment comes after undue delay, causes prejudice to Elite, and is made in bad faith. (Mem. in Opp'n to Mot. for Leave to File Am. Countercl. 1-3.)

## II. STANDARD ON MOTION TO AMEND PLEADINGS

A party may amend its pleading once as a matter of course at any time before a responsive pleading is served; otherwise, it may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Leave to amend is freely given when justice so requires. *Id.* However, this right is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility, *Ind. Funeral Dir. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th

Cir. 2003).

Moreover, when one party seeks to add additional parties, "the amendment will not be permitted simply because the requirements of Rule 15 have been met. In addition, the applicable joinder rules must be satisfied." Steven Baicker-McKee et al., *Federal Civil Rules Handbook*, 416 (2005) (*citing Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 618 (4th Cir. 2001)); *see also Westell Techs., Inc. v. Hyperedge Corp.*, No. 02 C 3496, 2003 WL 22088039, at *1 (N.D. Ill. Sept. 8, 2003). Rule 13(h) applies to joinder of additional parties to counterclaims, allowing "persons other than those made parties to the original action [to] be made parties to a counterclaim . . . in accordance with the provisions of Rules 19 and 20." Fed. R. Civ. P. 13(h).

Apparently, ASC concedes that Rule 19, which governs compulsory joinder, is inapplicable here.[1] Joinder is proper under Rule 20(a), which governs permissive joinder, if (1) "there is asserted against [the parties to be joined] jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) "any question of law or fact common to all defendants will arise in the action."[2]  Fed. R. Civ. P. 20(a).

Rule 20(a) is animated by several policies, including the promotion of efficiency, convenience, consistency, and fundamental fairness. *Cole v. Litscher*, No. 04-C-116-C, 2004 WL

---

[1] ASC's discussion about joinder is limited to a footnote claiming that "[a]mendment of the counterclaim to include Geist is also proper under Rules 13(h) and 20 of the Federal Rules of Civil Procedure." (ASC's Mem. 3, n.2.) In the end, it does not matter whether ASC concedes that Rule 19 is inapplicable, as the Court concludes that joinder is proper under Rule 20.

[2] Under Rule 21, "[p]arties may be . . . added by order of the court on motion of any party . . . at any stage of the action and on such terms that are just." Fed. R. Civ. P. 21. Rule 21 borrows the Rule 15(a) standard to determine whether terms are "just," *Insituform Techs. Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360, 1372 (Fed. Cir. 2004); Baiker-McKee, *supra*, at  484 (citations omitted), and it does not provide the standard for determining whether joinder is proper. *Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, No. 02 C 2523, 2003 WL 22848968 at *4 (N.D. Ill. Dec. 1, 2003).

3

602660, at *5 (W.D. Wis. Mar 15, 2004) (*citing Intercon Research Assocs., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 57-58 (7th Cir. 1982.); *Hohlbein v. Heritage Mutual Ins. Co.*, 106 F.R.D. 73, 78 (E.D. Wis. 1985)). These policies, not a bright-line rule, control whether the requirements imposed by Rule 20(a) have been satisfied. *Id.* (*citing* 4 James Wm. Moore et al., *Moore's Federal Practice* § 20.05[1] (3d ed.1999)).

### III. DISCUSSION

### A. Amendment is Appropriate Under Rule 15(a)

Here, ASC moves to amend its Counterclaim to add Geist as a Counterclaim Defendant, essentially arguing that its motion should be granted because (1) it was timely filed on October 11, 2005, which is within the time period allowed to amend its pleading under the schedule agreed to by the parties, and (2) leave to amend by the court should be "freely given when justice so requires." *See* Fed. R. Civ. P. 15(a); *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 773 (7th Cir. 1995). Elite, however, disagrees.

First, Elite argues that ASC's motion should be denied because it comes after undue delay. Specifically, Elite contends that ASC has no justification for its delay in adding Geist because ASC knew of the facts upon which it bases its Amended Counterclaim at the time ASC filed its original Counterclaim. (Elite Mem. in Opp. 2.) However, ASC's Motion to Amend was filed within the time period allowed under the schedule agreed to by the parties, with eight months remaining for discovery, and prior to the filing of any motions for summary judgment. The Seventh Circuit has uniformly advised "that a [party's] leave to amend, when filed after discovery has been closed and after a . . . motion for summary judgment has been filed, is considered unduly delayed and prejudicial." *Sanders*, 56 F.3d at 774; *see also Bethany*

4

*Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861-62 (7th Cir. 2001); *Figgie Intern Inc. v. Miller*, 966 F.2d 1178, 1181 (7th Cir. 1992). Here, neither trigger identified by the Seventh Circuit–the close of discovery or a motion for summary judgment–has yet occurred, and, furthermore, the motion was timely filed pursuant to the schedule agreed to by the parties. Hence, ASC's delay in filing its counterclaim against Geist fails to rise to the level of "undue delay" sufficient to deny leave to amend.

Next, Elite contends that it will be unduly prejudiced if leave to amend is granted, as its settlement posture might have been different had it known that ASC intended to assert a claim against Geist and as Elite went through the expense of preparation and attendance of mediation without knowing all of ASC's claims. (Elite Mem. in Opp. 2.) Elite, however, fails to explain how the addition of Geist would have changed its settlement posture or its preparation for mediation. The Seventh Circuit frowns on such conclusory claims of prejudice, *see Dubicz v. Commonwealth Edison Co.*, 377 F.3d. 787, 793 (7th Cir. 2004), and it is difficult to see the prejudice that Elite alleges. Elite agreed to both the mediation and the schedule set forth by the parties at the pretrial conference and, thus, was aware that ASC had through October 15, 2005, to amend its pleading. Furthermore, there are eight months left in the discovery period, and ASC is simply seeking leave to add one new counterclaim defendant, not numerous claims or additional new defendants. *See Johnson v. Methodist Med. Ctr. of Ill.*, 10 F.3d 1300, 1304 (7th Cir. 1993) (denying plaintiff leave to add a large number of new claims that would require substantial additional discovery and result in prejudice to defendant). Therefore, Elite's claim of prejudice is also unconvincing.

Elite further contends that ASC has no legitimate explanation for its delay and is simply

adding Geist in bad faith to pressure Elite to settle. (Elite Mem. in Opp. 2-3.) However, since ASC filed its motion within the time frame allowed under the schedule, it has no duty to show "good cause" to be successful on the motion. *See* Fed. R. Civ. P. 16(b). This is ASC's first proposed amendment to its complaint, ample time is left in the discovery period, no motion for summary judgment has been filed, and judgment has not been entered. Simply, Elite has failed to produce evidence of an "apparent or declared reason" of bad faith on ASC's part sufficient to overcome Rule 15(a)'s mandate to freely give leave to amend. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a). Therefore, Elite's bad faith argument fails as well.

### B. Joinder of Geist is Proper Under Rule 20(a)

While ASC does not specifically discuss joinder, its briefs give the Court a glimpse into why joinder might be appropriate in this case, as ASC alleges that Geist "played a pivotal role in the parties' relationship" and "actively participated in, and is therefore personally liable for, the tortuous conduct committed against ASC." (ASC Mem. 1; ASC Reply Br. 6.) Upon review of the proposed Amended Counterclaim, the Court concludes that joinder is indeed proper under Rule 20(a).

ASC claims that when Geist negotiated the contract on behalf of Elite, he misrepresented Elite's ability to meet ASC's production requirements and quality standards. (Proposed Am. Countercl. Counts II, III, IV.) ASC further alleges that Geist was responsible for the duress ASC suffered at the hands of Elite. (Proposed Am. Countercl. Count VI.) Geist purportedly knew that ASC would be forced to stop assembly of the vehicles if Elite failed to provide ASC with necessary automobile parts, and he used this knowledge to threaten ASC to choose between renegotiating its contract with Elite or not having the parts. (Proposed Am. Countercl. Count

VI..) These facts led ASC to additionally claim that Geist and Elite tortuously interfered with the business relationship between ASC and General Motors, as ASC would have been forced to break its contract with GM if it could not assemble the automobiles. (Proposed Am. Countercl. Count X.)

Based on these allegations, ASC's counterclaims against Geist and Elite arise out of the same series of transactions or occurrences, namely the negotiation and renegotiation of the contract between Elite and ASC. *Intercon Research Assocs.* 696 F.2d at 56. Furthermore, the counterclaims against Geist and Elite share common questions of both law and fact, as ASC asserts five identical legal claims and factual allegations against both: Counts II (Intentional Misrepresentation), III (Innocent Misrepresentation), IV (Negligent Misrepresentation), VI (Duress), and X (Tortuous Interference with Business Relations). *Id.* (Proposed Am. Countercl. 14-17, 19-21, 24-25.)

### III. CONCLUSION

For the foregoing reasons, ASC's Motion to Amend its Counterclaim (Docket # 37) is GRANTED. The Clerk is directed to show the proposed Amended Counterclaim filed. (Docket #38, Ex. A.)

Enter for November 15, 2005

S/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge
